UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| BRIAN McNEAL,<br><br>　　　　Plaintiff,<br>　v.<br><br>LOUISIANA DEPT. OF PUBLIC<br>SAFETY & CORRECTIONS, *et al.*<br><br>　　　　Defendants. | No. 18-cv-00736-JWD-EWD |

## STATUS REPORT

**A.   JURISDICTION**

What is the basis for the jurisdiction of the Court?

This Court has subject-matter jurisdiction over Plaintiff's claims of federal rights violations enforceable under 42 U.S.C § 1983. It has supplemental jurisdiction over state-law claims.

**B.   BRIEF EXPLANATION OF THE CASE**

1.   Plaintiff claims:

According to black-letter law, jailors may not imprison inmates longer than their sentences. Recent Fifth Circuit precedent recognized that "There is a Clearly Established Right to Timely Release from Prison."[1]

Here, Brian McNeal was sentenced on August 3, 2017, to 90 days for a probation violation. He should have been a free man on November 1, 2017. Staff at the DOC knew this, because they issued him a release letter for that date. But they did not set him free on November 1. Instead, they held him in prison until December 12, 2017 – despite the repeated entreaties of Brian, his girlfriend, and his lawyer.

---

[1] Porter v. Epps, 659 F.3d 440, 445 (5th Cir. 2011).

1

Thus, Mr. McNeal was overdetained by 41 days.

2.   <u>Defendants' claim</u>:

Defendants deny that they have violated any law or any of Plaintiff's rights. Specifically, defendants assert that they did not unlawfully detain Brian McNeal, or otherwise violate his constitutional rights or rights under Louisiana state law. Additionally, the individual defendants assert that they had no knowledge of any unlawful detention of Mr. McNeal, and assert that they are entitled to qualified immunity. Defendants assert that they are entitled to immunity under Louisiana Revised Statute §9:1278.1. Defendants also deny that they have a pattern and practice of overdetention. Finally, Defendants assert that Plaintiff is not entitled to any relief from them.

**C.   PENDING MOTIONS**

List any pending motion(s), the date filed, and the basis of the motion(s): None pending.

**D.   ISSUES**

List the principal legal issues involved and indicate whether or not any of those issues are in dispute:

- Whether Defendants had legal authority to imprison Mr. McNeal past November 1, 2017. If not, it was false imprisonment. (Disputed.)

- Whether Defendants were negligent in imprisoning Mr. McNeal past November 1, 2017. (Disputed.)

- Whether Defendants were deliberately indifferent in any period of Mr. McNeal's imprisonment past November 1, 2017. (Disputed.)

- Whether Defendants have a pattern or practice of overdetention. (Disputed.)

- Whether Defendants LeBlanc, Hooper, and Milligan are entitled to qualified immunity. (Disputed.)

- Whether the defendants are entitled to immunity under Louisiana Revised Statute §9:1278.1. (Disputed.)

2

E.   **DAMAGES**

Separately, for each party who claims damages or an offset, set forth the computation of damages or the offset:

1. Plaintiff's calculation of damages:

    Plaintiff has articulated a claim for compensable damages and seeks the greatest quantum of damages to be determined by the trier of fact. A calculation of damages will require more information.

2. Defendant's calculation of offset and/or plaintiff's damages: N/A.

3. Counterclaimant/cross claimant/third party's calculation of damages: N/A.

Defendants deny that Plaintiff is entitled to recover compensatory damages, and reiterate that they are not liable onto him for damages. Defendants also seek to recover reasonable attorneys' fees and costs for their defense of this lawsuit.

F.   **SERVICE:**

Identify any unresolved issues as to waiver or service of process, personal jurisdiction, or venue: None.

G.   **DISCOVERY**

1. Initial Disclosures:

    A.  Have the initial disclosures required under FRCP 26(a)(1) been completed?

    [ ] YES    [**X**] NO

    In accordance with Local Rule 26(b), the parties shall provide their initial disclosures to the opposing party no later than 7 days before the date of the scheduling conference, unless a party objects to initial disclosures during the FRCP 26(f) conference and states the objection below.

    B.   Do any parties object to initial disclosures?

[ ] YES    [**X**] NO

For any party who answered yes, please explain your reasons for objecting.

2. Briefly describe any discovery that has been completed or is in progress:

    By plaintiff(s):    None yet.

    By defendant(s): None yet. Plaintiff has handed over documents obtained through public records requests.

3. Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery.  (For example: are there any confidential business records or medical records that will be sought?  Will information that is otherwise privileged be at issue?) **None identified at this time.**

4. Discovery from experts:

    Identify the subject matter(s) as to which expert testimony will be offered:

    By plaintiff(s):    None.

    By defendant(s): None.

**H.    PROPOSED SCHEDULING ORDER**

1. If the parties propose an alternative timeframe for exchanging initial disclosures, please provide that proposed deadline:

2. Recommended deadlines to join other parties or to amend the pleadings:

    December 1, 2018.

3. Filing all discovery motions and completing all discovery except experts:

    May 1, 2019.

4. Disclosure of identities and resumés of expert witnesses (if appropriate, you may suggest different dates for disclosure of experts in different subject matters):

4

        Plaintiff(s):      May 3, 2019

        Defendant(s):      May 31, 2019

5. Exchange of expert reports:

        Plaintiff(s):      May 31, 2019

        Defendant(s):      June 28, 2019

6. Completion of discovery from experts:  August 2, 2019

7. Filing dispositive motions and Daubert motions:  September 2, 2019

8. All remaining deadlines and the pre-trial conference and trial date will be included in the initial scheduling order.  The deadlines will be determined based on the presiding judge's schedule, within the following general parameters.  The parties should not provide any proposed dates for these remaining deadlines.

    a. Deadline to file pre-trial order[2] (approximately 16 weeks after dispositive motion deadline).

    b. Deadline to file motions in limine (approximately 20-22 weeks after dispositive motion deadline).

    c. Deadline to file an affidavit of settlement efforts (approximately 22-24 weeks after dispositive motion deadline).

    d. Deadline to submit joint jury instructions, voir dire, verdict forms, and trial briefs to the presiding judge (approximately 25-27 weeks after dispositive motion deadline).

    e. Pre-trial conference date (approximately 18-20 weeks after dispositive motion deadline).

---

[2] In cases assigned to United States District Judge John W. deGravelles, prior to the filing of the pretrial order, the parties will exchange or make available for inspection all exhibits which the parties will or may introduce at trial.

   f. Trial date (approximately 27-29 weeks after dispositive motion deadline).

9. If the general outline of proposed deadlines does not fit the circumstances of your particular case, please provide a proposed joint schedule of deadlines which is more appropriate for your case.

## I. TRIAL

1. Has a demand for trial by jury been made?

    [**X**]  YES [] NO

2. Estimate the number of days that trial will require.

    **3**.

## J. OTHER MATTERS

Are there any specific problems the parties wish to address at the scheduling conference?

[ ] YES [**X**] NO

  i. If the answer is yes, please explain:

  ii. If the answer is no, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report? **CHECK "NO" IF YOU HAVE NOT SUBMITTED JOINT PROPOSED DEADLINES.**

[**X**] YES [ ] NO

## K. SETTLEMENT

1. Please set forth what efforts, if any, the parties have made to settle this case to date.

    Plaintiff has made a settlement offer. Defendants have not accepted or rejected, or counter-offered.

2. Do the parties wish to have a settlement conference:

    [X] YES [ ] NO

6

If your answer is yes, at what stage of litigation would a settlement conference be most beneficial?

The Plaintiffs believe it would be beneficial to have a settlement conference towards the end of fact discovery.

The Defendants believe it would be most beneficial to have a settlement conference following the close of fact discovery.

L.  **CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

You have the right to waive your right to proceed before a United States District Judge and may instead consent to proceed before a United States Magistrate Judge. Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or bench trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.

All parties agree to jurisdiction by a Magistrate Judge of this court:

[ ]  YES    [ ] NO

If your response was "yes" to the preceding question, all attorneys and unrepresented parties should sign the attached form to indicate your consent.

The parties are currently in discussion about consenting to the jurisdiction of the Magistrate in this case, and reserve their right to do so.

Report Dated: October 4, 2018.

                Respectfully submitted,

/s/ William Most_____     /s/ Amy Newsom_____
William Most, Bar No. 36914        Amy Newsom
Law Office of William Most, L.L.C.     Newsom Law Firm
201 St. Charles Ave. Suite 114 #101    4224 Bluebonnet Blvd., Suite B
New Orleans, LA 70170         Baton Rouge, LA 70809
(504) 509-5023            (225) 761-8000
williammost@gmail.com        amy@aenlaw.com

        **JEFF LANDRY**
        **ATTORNEY GENERAL**

BY:    /s/ *James G. Evans*
        James "Gary" Evans (#35122)
        Assistant Attorney General
        **Louisiana Department of Justice**
        Litigation Division, Civil Rights Section
        1885 North Third Street, 4th Floor
        Post Office Box 94005 (70804-9005)
        Baton Rouge, Louisiana 70802
        Telephone:   225-326-6300
        Facsimile:    225-326-6495
        E-mail:       evansj@ag.louisiana.gov