UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BRIAN MCNEAL** | : | CIVIL ACTION |
| | : | NO. 18-736-JWD-EWD |
| **VERSUS** | : | JUDGE JOHN W. deGRAVELLES |
| **LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS, ET AL** | : | MAGISTRATE JUDGE ERIN WILDER-DOOMES |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**MAY IT PLEASE THE COURT:**

The non-moving party, the Louisiana Department of Public Safety & Corrections ("DPS&C"), urges this Honorable Court to deny Brian McNeal's *Motion for Summary Judgment¸* record document 12, because (1) his state law false imprisonment claims are barred by the United States Supreme Court case *Heck v. Humphrey*, and (2) Plaintiff failed to exhaust his administrative remedies prior to filing suit, as required by the Louisiana Prison Litigation Reform Act ("La PLRA").

**I.   ISSUE BEFORE THE COURT**

Plaintiff brings federal and state law claims against the defendants.[1] In the instant *Motion for Summary Judgment,* however, only the liability aspect of Plaintiff's state law claims for false imprisonment is before the Court.[2] For the reasons discussed further below, and in the defendants' own *Motion for Summary Judgment,*[3] Plaintiff's motion should be denied.

---

[1] R. Doc. 1-2.
[2] *See* R. Doc. 12-1.
[3] R. Doc. 17. Plaintiff does not appear to request summary judgment on the issue of damages, and offers no briefing, no statements of fact, and no argument for pertaining to the issue of damages. As such, defendants respectfully assert that, should summary judgment be granted on Plaintiff's false imprisonment claim, the issue of damages remains for trial.

1

## II. ANALYSIS

### 1. Plaintiff is not entitled to summary judgment because his claims are barred by *Heck v. Humphrey* and its progeny

As an initial matter, the defendants submit that Plaintiff's §1983 claims are barred by the United States Supreme Court case *Heck v. Humphrey,* which bars judgments that "would necessarily imply the invalidity" of an offenders conviction or sentence without prior invalidation.[4] This principle includes any §1983 action wherein success in favor of the plaintiff would "necessarily demonstrate the invalidity of confinement or duration."[5]

In the interest of brevity, defendants refer principally to their original *Memorandum in Support of Second Motion for Summary Judgment,* which outlines the reasons why Plaintiff's state law claims are barred by *Heck*.[6] However, defendants do note that Plaintiff does nothing in the instant motion to address the chief principle surrounding *Heck* - that a §1983 action is not the mechanism in which to challenge the nature and duration of a prisoner's confinement.[7] As alleged in his original *Petition,*[8] Plaintiff argues in the instant motion that he was illegally held 41 days past his release date.[9] As such, Plaintiff is inherently challenging the nature and duration of his confinement, and *Heck* applies unless Plaintiff can show that the nature and duration of his confinement "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas

---

[4] 512 U.S. 477 (1994).
[5] *Wilkinson v. Dotson,* 544 U.S. 74, 81-82 (2005).
[6] R. Doc. 57-1, pp. 8-11.
[7] *See Wilkinson,* 544 U.S. at 78 ("This Court has held that a prisoner in state custody cannot use a §1983 action to challenge 'the fact or duration of his confinement.' He must seek federal habeas corpus relief (or appropriate state relief) instead.")(internal citations omitted).
[8] R. Doc. 1-2, ¶42.
[9] R. Doc. 12-1, p. 1.

corpus."[10] Pertinent to the instant motion, the principles of *Heck* are equally applicable to Plaintiff's state law false arrest claim.[11]

Here, the record before the Court demonstrates that Plaintiff makes no effort to show that he has previously invalidated the nature or duration of his confinement. Because Plaintiff has failed to demonstrate or allege that the nature and duration of his confinement has been previously invalidated, his §1983 claims are barred, and his motion should be denied on this basis alone.

### 2. Plaintiff is not Entitled to Summary Judgment Because he has Failed to Exhaust his Administrative Remedies

#### a) *Louisiana Law Required Plaintiff to Exhaust his Administrative Remedies Prior to Filing the Instant Suit*

Louisiana Revised Statute §15:1184(A)(2) provides:

No prisoner suit shall assert a claim under state law until such administrative remedies as are available are exhausted. If a prisoner suit is filed in contravention of this Paragraph, the court shall dismiss the suit without prejudice.

Defendants note that the instant case is a "prisoner suit" governed by the La PLRA. La. R.S. §15:1181(2) expressly provides:

"civil action with respect to prison conditions" or "prisoner suit" means any civil proceeding with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include post-conviction relief or habeas corpus proceedings challenging the fact or duration of confinement in prison."

---

[10] *See Heck,* 512 U.S. at 486-487.
[11] *See Thomas v. Louisiana,* 406 Fed. Appx. 890, 897-898 (5th Cir. 2010)("[T]he favorable termination rule bars [plaintiff's] state law false imprisonment and false arrest claims."); *Thomas v. Pohlmann,* 681 Fed. Appx. 401, 408-409 (5th Cir. 2017)(applying the *Heck* analysis to state law claims); *See also Williams v. Harding*, 2012-1595, pp. 7-8 (La. App. 1 Cir. 04/26/13), 117 So. 3d 187, 191 ("our review of Louisiana case law reveals that the Heck rationale is equally applicable to [Plaintiff's] state law claims…that necessarily attack the validity of his underlying convictions.")(citing cases); *Aucoin v. Cupil,* 2018 U.S. Dist. LEXIS 204665, *6 fn 8 (M.D. La. 12/4/2018)(citing cases), *rev'd* on other grounds, 2019 U.S. Dist. LEXIS 69068 (M.D. La. 4/22/2019).

Plaintiff's claims clearly fit this definition, as he asserts that the defendants illegally held him past his release date. As such, this case is a "prisoner suit" under the meaning of the La PLRA.

There is also no doubt that Plaintiff is a "prisoner" under the meaning of the La PLRA. Louisiana Revised Statute §15:1181(6) expressly defines a "prisoner" as "any person subject to incarceration, detention, or admission to any prison who is accused of, convicted of, sentenced for, or adjudicated delinquent for a violation of criminal law or the terms or conditions of parole, probation, pretrial release, or a diversionary program." Plaintiff meets this criteria, as he was housed at EHCC during the events giving rise to this litigation, and in the custody of the DPS&C. Furthermore, Louisiana Revised Statute §15:1181(6) provides that "[s]tatus as a 'prisoner' is determined *as of the time the cause of action arises.* Subsequent events, including post trial judicial action *or release from custody,* shall not affect such status." (emphasis added). As all of Plaintiff's state law causes of action brought in this lawsuit undisputedly arose during his incarceration at EHCC, Plaintiff is a "prisoner" for purposes of the La PLRA, and was required to exhaust administrative remedies prior to filing the instant suit.

b) *Plaintiff has Failed to Exhaust Administrative Remedies*

As discussed in defendants' own *Motion for Summary Judgment,* Plaintiff failed to exhaust his administrative remedies as require by the La PLRA. In his responses to interrogatories, Plaintiff admits that he "does not recall filing any Administrative Remedy Procedures pertaining to his overdetention. Any such information would be in the possession of defendants."[12] Additionally, the summary judgment evidence demonstrates that DPS&C could not locate any Administrative Remedy Procedures filed by Plaintiff as of June 29, 2018 (nine days after the filing of this lawsuit in Louisiana state court).[13] As such, there is no indication that Plaintiff initiated the ARP procedure,

---

[12] R. Doc. 17-3, p. 9.
[13] R. Doc. 17-4.

4

nor that he exhausted all steps as required by law. Finally, there is no indication that Plaintiff exhausted all steps *prior* to the filing of the instant lawsuit, which is required by the La PLRA.[14]

Because Plaintiff failed to exhaust his administrative remedies as required by Louisiana, he is not entitled to summary judgment on his state law false imprisonment claim.

### III.  CONCLUSION

For the reasons above and the reasons discussed more fully in the defendant's own *Motion for Summary Judgment,* the summary judgment record currently before the Court shows that Plaintiff is not entitled to summary judgment. Plaintiff's claims are barred by *Heck,* and the summary judgment record shows that the Plaintiff has failed to exhaust administrative remedies as required by Louisiana law. As such, Plaintiff's *Motion for Summary Judgment* should be denied.

    Respectfully submitted,

    **JEFF LANDRY**
    **ATTORNEY GENERAL**

BY:   /s/ *James G. Evans*
      James G. Evans
      LSBA #35122
      Assistant Attorney General
      **Louisiana Department of Justice**
      Litigation Division, Civil Rights Section
      1885 North Third Street, 4th Floor
      Post Office Box 94005 (70804-9005)
      Baton Rouge, Louisiana 70802
      Telephone:  225-326-6300
      Facsimile:  225-326-6495
      E-mail:  evansj@ag.louisiana.gov

---

[14] Louisiana Revised Statute §15:1184(A)(2).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 22nd day of May, 2019, the foregoing was filed electronically with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent to all parties who participate in electronic filing by operation of the court's electronic filing system.

/s/ *James G. Evans*
James G. Evans
