# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BRIAN MCNEAL** | : | CIVIL ACTION |
| | : | NO. 18-736-JWD-EWD |
| **VERSUS** | | |
| | : | JUDGE JOHN W. deGRAVELLES |
| **LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS, ET AL** | : | MAGISTRATE JUDGE ERIN WILDER-DOOMES |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MOTION TO JOIN IN PENDING MOTION TO DISMISS (REC. DOC. 60)

**NOW INTO COURT,** through undersigned counsel, comes Defendant Breunkia Collins, respectfully moving to join in the pending Motion to Dismiss (Rec. Doc. 60) filed by Defendants, the State of Louisiana, through the Department of Public Safety & Corrections ("DPSC") and Secretary James M. LeBlanc.[1]

1.

Summary Judgment was rendered in favor of the Plaintiff and against Defendants DPSC and Secretary LeBlanc on Plaintiff's cause of action under La. Civ. Code 2315. Rec. Doc. 56.

2.

Despite entry of summary judgment on Plaintiff's cause of action, the Plaintiff was allowed to amend his lawsuit to join a new defendant, Ms. Collins. Rec. Doc. 58.

3.

The Ruling on Plaintiff's Motion for Leave to Amend, Rec. Doc. 58, and the Amended Complaint suggest that the Plaintiff is entitled to proceed with *and recover under* theories of

---

[1] The newly joined Defendant, Breunkia Collins, has not yet been served with the Complaint and does not joined in this Motion.

1

liability arising under La. Civ. Code art. 2315, which are alternative to the theory that was the subject of Plaintiff's successful Motion for Summary Judgment.

4.

Because the Plaintiff's alternative theories of liability under La. Civ. Code art. 2315 were rendered moot when summary judgment was rendered in Plaintiff's favor, DPSC and Secretary LeBlanc moved to dismiss the alternative theories as moot. Rec. Doc. 60. Subsequently, Ms. Collins was served and joined in the lawsuit.

5.

For the same reasons the alternative theories of state liability must be dismissed against DPSC and Secretary LeBlanc, they should be dismissed against Ms. Collins.

6.

Therefore, Ms. Collins requests leave to join as a movant to the pending motion.

7.

The Motion to Dismiss has been fully briefed but, the Defendant has no objection if the Plaintiff wishes to file an additional opposition to the Motion to Dismiss as to Ms. Collins.

**WHEREFORE**, Ms. Breunkia Collins prays the instant Motion is granted and that she be granted leave to join as a movant to the pending Motion to Dismiss (Rec. Doc. 60) filed by Defendants DPSC and Secretary James LeBlanc.

                                                 Respectfully Submitted,

                                                 **JEFF LANDRY**
                                                 **ATTORNEY GENERAL**

BY:    *s/Phyllis E. Glazer*
              **PHYLLIS E. GLAZER (LSBA #29878)**
              **ASSISTANT ATTORNEY GENERAL**

              **Louisiana Department of Justice**
              Litigation Division, Civil Rights Section
              1885 North Third Street, 4th Floor
              Post Office Box 94005 (70804-9005)
              Baton Rouge, Louisiana 70802
              Telephone:   225-326-6300
              Facsimile:    225-326-6495
              E-mail:       GlazerP@ag.louisiana.gov