UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BRIAN MCNEAL** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 18-736-JWD-EWD** |
| | * | |
| **LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS, ET AL.** | * * * | **JUDGE JOHN W. deGRAVELLES** |
| | | **MAG. JUDGE ERIN WILDER-DOOMES** |

*************************************************************************

<u>**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS [93] PLAINTIFF'S SECOND AMENDED COMPLAINT AND IN RESPONSE TO PLAINTIFF'S MEMORANDUM IN OPPOSITION [97] TO DEFENDANTS' MOTION**</u>

**MAY IT PLEASE THE COURT:**

On February 1, 2022, the U.S. Fifth Circuit Court of Appeals rendered an unpublished *per curiam* decision in the matter of *Rodney Grant v. James LeBlanc*, 21-30230 (5th Cir. 2022) ("*Grant* Opinion"). A copy of the *Grant* Opinion is attached. Mr. Grant and Mr. McNeal share an attorney and their claims against the Secretary are similar, if not identical. Generally, both Grant and McNeal claim they were "overdetained" in violation of the Fourteenth Amendment and Louisiana law and that Secretary LeBlanc is personally liable to them for their respective overdetentions. Secretary LeBlanc filed a Motion to Dismiss based on qualified immunity, which is pending in this case. Rec. Doc. 93. The district court in *Grant* denied Secretary LeBlanc's Motion for Summary Judgment based on qualified immunity. The Fifth Circuit reversed that ruling of the district court.

Hereinafter, Secretary LeBlanc will briefly explain how the *Grant* Opinion and its analysis of the deliberate indifference standard supports the arguments of the Secretary made in his pending Motion to Dismiss. Furthermore, the Secretary will note where the Fifth Circuit expressly rejected particular arguments made by Grant, which were also made in this case.

1

    I.    <u>Plaintiff's reliance on the now-reversed district court ruling in Grant is misplaced</u>.

Plaintiff in this case relied on the now-reversed district court opinion in *Grant* in opposition to LeBlanc's Motion to Dismiss. See Rec. Doc. 97, pp. 9-10. Specifically, Plaintiff cited the *Grant* district court opinion in support of his argument that "courts have repeatedly denied qualified immunity to Secretary LeBlanc." *Id*. at p. 9. The *Grant* Opinion was the second issued by the Fifth Circuit reviewing the denial of qualified immunity to Secretary LeBlanc in an overdetention case. Both Fifth Circuit Opinions reversed the denial of qualified immunity to Secretary LeBlanc. See also *Hicks v. LeBlanc*, 2020 WL 6164338, No. 20-30125 (5th Cir. 2020) (reversing denial of qualified immunity to Secretary LeBlanc).[1]

The *Grant* Opinion and the *Hicks* Opinion may not be precedent "except under the limited circumstances set forth in 5th Circuit Rule 47.5.4", but they clearly establish that Secretary LeBlanc's alleged (or proven) knowledge of a broad "problem of overdetention" is not enough to overcome his qualified immunity from suit at either the Rule 12 or Summary Judgment stages.[2]

    II.    <u>The *Grant* Opinion establishes that Secretary LeBlanc correctly articulated the legal standard governing the first prong of the qualified immunity analysis: the question of whether he violated Plaintiff's constitutional rights</u>

The Secretary argued that the Plaintiff must prove the Secretary acted with deliberate indifference in order to prove that he, personally, violated the Plaintiff's rights. See Rec. Doc. 93-1, p. 20 (quoting *Rivera v. Bonner*, 952 F.3d 560, 564 (5th Cir. 2017); additional citations omitted). The Plaintiff, in opposition to the Motion to Dismiss, did not dispute that deliberate indifference is the governing legal standard, but he did not analyze or even mention the phrase "deliberate indifference" in his argument. See Rec. Doc. 97. The *Grant* Opinion acknowledges that deliberate

---

[1] Ellis Hicks also shares an attorney with Rodney Grant and Brian McNeal.
[2] *Hicks* was an appeal from the denial of a 12(c) motion; *Grant* was an appeal from the denial of a motion for summary judgment.

indifference is the governing standard. See *Grant* Opinion at p. 11 (quoting *Porter v. Epps*, 659 F.3d 440, 447 (5th Cir. 2011)). The *Grant* panel noted twice that the applicable deliberate indifference analysis is a "stringent standard". *Id*. at pp. 11, 13 (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011)).

   III. <u>Secretary LeBlanc correctly articulated the level of specificity required of the other alleged instances in a "pattern" for purposes of a showing of deliberate indifference.</u>

Like in this case, *Grant* conceded that Secretary LeBlanc was not directly involved in the facts and circumstances of the constitutional violation. Correspondingly, both Grant and McNeal argue that Secretary LeBlanc is liable, in his role as DPSC Secretary, for failure to promulgate policy and for failure to train or supervise. The *Grant* panel affirmed (at p. 11 of the opinion), what this Honorable Court has already acknowledged in this case: "A pattern of similar constitutional violations… is ordinarily necessary to demonstrate deliberate indifference…" Rec. Doc. 88 (quoting *Porter*, 659 F.3d at 447).

Secretary LeBlanc argued in this case that "[c]onclusory allegations of a 'broad pattern of overdetention', 'knowledge', and causation do not satisfy Plaintiff's burden of overcoming the Secretary's 12(b)(6) Motion based on the qualified immunity defense." Rec. Doc. 98, p. 7 (citations omitted). See also Rec. Doc. 93-1, p. 21 (arguing that "[n]either an alleged 'pattern of Fourteenth Amendment violations' nor 'pattern of overdetentions' is sufficient to meet the high burden of showing deliberate indifference.") The Plaintiff argues that numerous instances of "overdetention", regardless of their cause, suffices to plead that pattern. See Rec. Doc. 97, p. 7. The Fifth Circuit rejected Plaintiff's argument that "the broad pattern of overdetention" is sufficient to establish deliberate indifference on the part of the Secretary.

Like in *Grant*, the Plaintiff in this case points to "a 2012 Six Sigma study of DPSC, [and] a 2017 report by the Louisiana Legislative auditor, […] all referencing overdetention within DPSC" *Grant* Opinion at p. 14; Rec. Doc. 91, ¶¶52-82 (regarding the 2012 Lean Six Sigma study); ¶¶85-94 (regarding the 2017 Legislative Auditor's Report). Both Grant and McNeal point to those documents as proof that Secretary LeBlanc was aware of large numbers of "overdetentions".

The Fifth Circuit found that the Lean Six Sigma and the other documents were immaterial to the deliberate indifference inquiry. The Fifth Circuit expressly found that Lean Six Sigma "examined DPSC's internal-release procedures, not policies of external offices", which were at issue in *Grant*. As to the other documents, the *Grant* panel found that they were generated "after Grant's overdetention, and they fail to show, prior to Grant's overdetention, that the Secretary had knowledge of due-process violations of the type claimed by Grant." *Grant* Opinion at p. 14. In holding that those documents were immaterial to the deliberate indifference analysis, the *Grant* Panel rejected plaintiff's argument that LeBlanc's knowledge of the number of alleged overdetentions was dispositive of the deliberate indifference inquiry.

The Fifth Circuit found that the relevant inquiry isn't into how many alleged overdetentions the Secretary knew of, but rather whether the plaintiff offered evidence of "the requisite pattern of due process violations similar to the one he asserts[.]" *Grant* Opinion at p. 13. To begin its analysis, the panel began by identifying the specific constitutional violation asserted by Grant: "DPSC's failing to timely release an individual, specifically as a result of *the Secretary's failure to* promulgate policy, or train subordinates, to prevent overdetention due to delayed delivery of the charging document." *Id.* (emphasis in original; citation omitted).

The Plaintiff in this case similarly fails to allege that DPSC failed to timely release him from custody "specifically as a result of *the Secretary's failure* to promulgate policy, or train

4

subordinates" to prevent overdetention due to negligently erroneous transmission of release documents to the wrong facility.

This Honorable Court has, in a different case, declined to adopt the Secretary's argument about just how similar prior instances must be to form the requisite "pattern of similar constitutional violations." See *Parker v. Louisiana Dep't of Pub. Safety & Corr.*, No. CV 18-1030-JWD-EWD, 2021 WL 2697528, at *5 (M.D. La. June 30, 2021).[3]  The *Grant* Opinion provides further support for the Secretary's argument that the prior instances of overdetention must be sufficiently similar as to put the Secretary on notice that a particular defect in a particular policy or in his training program was causing constitutional violations like the one suffered by the plaintiff.  Along those lines, instances of a sentence computation being "done wrong", for example, are not specific enough to provide the requisite notice.

To look at the pattern issue from another perspective, the Plaintiff was required to allege that Defendant Jones failed to send the release paperwork to the correct facility because there was no policy requiring her to do so (failure to promulgate policy) or because she was trained to send the paperwork to the wrong facility (failure to train).  *Then*, the Plaintiff was required to prove the Secretary had notice of those particular defects in DPSC's policies and training programs by allegations or proof that other inmates were also not released on time because their release paperwork was sent to the wrong facility.  The *Grant* opinion discussed the "pattern" issue at the

---

[3] In *Parker*, this Honorable Court held:
> While the Fifth Circuit requires specificity and similarity, the Court declines to draw the line as finely as LeBlanc advances and limit the types of problems involved solely to those instances where individuals have been misclassified as sexual offenders. Rather, the problem alleged is, as the op-ed and Legislative Auditor's report said, the Department "not knowing when [inmates'] proper release date was," and, as Schexnayder said, the fact that "inmate sentences have been 'done wrong' and that inmates are entitled to immediate release".

*Parker*, 2021 WL 2697528, at *5 (citations to pleadings omitted)

level of specificity requested by the Secretary. When that level of specificity is applied to the allegations in this case, it is eminently clear that the Plaintiff in this case, like the plaintiffs in *Hicks* and in *Grant*, failed to articulate any policy or training defect and its connection to the circumstances of his alleged overdetention.

    IV.    <u>Conclusion and relief requested</u>.

Considering the foregoing, the *Grant* Opinion and its analysis of the deliberate indifference standard as applied to claims of supervisory liability against Secretary LeBlanc in the context of an "overdetention" claim, supports Secretary LeBlanc's argument in this case that he is entitled to qualified immunity from suit. Vicarious liability is not applicable under §1983 and, therefore, the Plaintiff must overcome the stringent deliberate indifference standard in order to impose liability on the Secretary. The Plaintiff herein, like the plaintiffs in *Grant* and *Hicks*, fails to overcome that standard. Secretary James LeBlanc did not violate McNeal's constitutional rights, he is entitled to qualified immunity from suit, and to dismissal of the civil rights claims[4] against him with prejudice.

    Respectfully Submitted,

    **JEFF LANDRY**
    **ATTORNEY GENERAL**

BY:    *s/Phyllis E. Glazer*
    **PHYLLIS E. GLAZER (LSBA #29878)**
    **ASSISTANT ATTORNEY GENERAL**

    **Louisiana Department of Justice**
    **Litigation Division, Civil Rights Section**
    1885 North Third Street, 4th Floor
    Post Office Box 94005 (70804-9005)
    Baton Rouge, Louisiana 70802
    Telephone:    225-326-6300
    Facsimile:    225-326-6495
    E-mail:    GlazerP@ag.louisiana.gov

---

[4] This argument applies equally to Plaintiff's §1983 claims and those arising under the Louisiana Constitution.