UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

BRIAN McNEAL

VERSUS

LOUISIANA DEPARTMENT
OF PUBLIC SAFETY &
CORRECTIONS, ET AL.

CIVIL ACTION

NO. 18-cv-00736-JWD-EWD

**Response to Defendants' Supplement**

In R. Doc. 106, Defendants bring this Court's attention to *Grant v. Gusman,*[1] a recent, non-precedential decision by the Fifth Circuit in an overdetention case. In that case, a panel of the Fifth Circuit granted qualified immunity to Secretary LeBlanc for an instance of overdetention.

Now that *Grant* has been decided, there are two non-precedential Fifth Circuit decisions regarding Secretary LeBlanc's liability for a pattern of overdetention – and those two decisions have nearly opposite holdings. In *Hicks v. LeBlanc*,[2] a panel of the Fifth Circuit held that Secretary LeBlanc <u>could</u> be held liable for a pattern of "incompetent over-detention, such as the failure to process a prisoner's release or immediately compute an inmate's sentence after being sentenced to time served." In *Grant v. Gusman*, a different panel held that he could not, on the specific facts of that case.

And the non-precedential opinion in *Grant* shines little light on the case at issue here. The decision in *Grant* turned in large part on the fact that "Louisiana law places the onus on sheriff's and clerk's offices to timely transmit bills of information to DPSC," and discounted the relevancy of the Six Sigma report because it "examined DPSC's internal-release procedures, not policies of external offices."[3] Problems with external offices, however, were not what caused

---

[1] 21-30230 (5th Cir. 2022) (per curiam, unpublished).
[2] 2020 WL 6164338, No. 20-30125 (5th Cir. 2020) (per curiam, unpublished),
[3] *Grant at* *13-14,

Mr. McNeal's overdetention; Mr. McNeal's overdetention was entirely the result of problems <u>internal</u> to the Department of Public Safety & Corrections.

Accordingly, the non-precedential decision in *Grant* does not substantially change the legal framework regarding the motion before this Court.

Respectfully submitted by counsel to Plaintiff,

*/s/ William Most*_____
WILLIAM MOST
La. Bar. No. 36914
201 St. Charles Ave., Ste. 114, #101
New Orleans, LA 70170
T: (504) 509-5053
E: williammost@gmail.com
