**EXHIBIT 18**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **BRIAN McNEAL** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO.:  3:18-cv-00736-JWD-EWD** |
| | * | |
| **LOUISIANA DEPARTMENT OF** | * | **JUDGE JOHN W. deGRAVELLES** |
| **PUBLIC SAFETY &** | * | |
| **CORRECTIONS, ET AL.** | * | **MAGISTRATE JUDGE** |
| | * | **ERIN WILDER-DOOMES** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**AFFIDAVIT OF JENNIFER BUSH**

**STATE OF LOUISIANA**

**PARISH OF EAST BATON ROUGE**

     **BEFORE ME**, the undersigned notary, duly authorized in the State and Parish aforesaid, personally came and appeared:

**Jennifer Bush**

Who, based upon her personal knowledge, did depose and say the following:

1. I am the Probation & Parole Assistant Director.

2. As a part of my job duties, I have personal knowledge regarding Act 402 probation technical revocations. I also have personal knowledge regarding Brian McNeal's case.

3. Attached is Probation and Parole Policy No. PRO819 - Probation and Parole Program Technical Violation Revocations Via Act 402 and Act 299. This policy was in place in 2017 and relevant time period of this litigation. The policy sets forth the procedures that Probation and Parole employees use in Act 402 revocations.

4. During the relevant time periods of this litigation, Probation and Parole employees were trained on these procedures, including on-the-job training. Probation and Parole employees are also required to learn and implement Probation and Parole Policies, including PRO819.

5. The DPSC Pre-Class Department is wholly separate from Probation and Parole. The Departments have separate job duties, trainings and regulations that apply independently. Probation and Parole has nothing to do with the Pre-Class Department's handling of time computations and determination of release dates for offenders sentenced to DPSC custody. Likewise, Probation and Parole only handles releases of Act 402 revocations, not the Pre-Class Department.

6. I have reviewed the minutes in the docket for Orleans Parish Criminal District Court, Case No. 524699.

7. On September 20, 2017, the minutes indicate that McNeal was removed from Steve Hoyle due to medical issues, and that a new court date was set for November 15, 2017. These minutes are unclear, and could indicate that McNeal was to stay in custody until the next hearing date of November 15, 2017.

8. I also reviewed the transcript from the September 20, 2017 hearing. The transcript is also unclear as to whether McNeal was to stay in custody until the next hearing, then be sent to the long term treatment program at Odyssey House.

9. On October 25, 2017, the court reset the hearing date for December 6, 2017. There again was no clarification as to whether McNeal should stay in custody until the next court date. The court again set a hearing for January 17, 2018. McNeal was released from custody prior to the next hearing date.

_____

**JENNIFER BUSH**

      **SWORN TO AND SUBSCRIBED before me, NOTARY PUBLIC**, this _9th_

day of July, 2024

_____

**NOTARY PUBLIC**

OFFICIAL SEAL
**JONATHAN R. VINING**
NOTARY ID # 30781
STATE OF LOUISIANA
PARISH OF EBR
My Commission is for Life

3

**EXHIBIT 18-1**

**STATE OF LOUISIANA**
**DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS**
**Probation and Parole**

**Policy**
**No. PRO819**



**August 1, 2015**
**Page 1 of 5**

**Probation and Parole Program**
**Technical Violation Revocations**
**Via Act 402 and Act 299**

1. **AUTHORITY:**  Director of the Division of Probation & Parole.

2. **REFERENCES:**  C.Cr.P Art. 900; 15:574.9(G) Act 402 of the 2007 Regular Session; Act 113 of the 2006 Regular Session; Act 299 of 2015 Regular Session; La R.S.14:2(B); La R.S. 15:541; La R.S. 14.29 through 14:50.2

3. **PURPOSE:**  To establish guidelines and procedures for the implementation of Article 900 of the Code of Criminal Procedure and Louisiana Revised Statute 15:574.9 (G) which provides for a maximum sentence of up to 90 days resulting from a revocation based on certain technical violation(s) by probationers and parolees on supervision for convictions of crimes other than crimes of violence or sex offenses, or any sex offenders released on parole who are subject to the sex offender registration and notification requirements as set by the Louisiana Revised Statutes.

4. **APPLICABILITY:**  All personnel of the Division of Probation & Parole.

5. **DEFINITIONS:**

   CRIME OF VIOLENCE .  "Crime of Violence" means an offense that has, as an element, the use, attempted use, or threatened use of physical force against the person or property of another, and that, by its very nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense or an offense that involves the possession or use of a dangerous weapon. Enumerated offenses and attempts to commit any of them as defined in Louisiana Revised Statute 14:2(B), or Vehicular Homicide convicted on or after March 19, 2013.

   CUSTODIAL TREATMENT PROGRAMS .  Programs in a treatment facility where an offender is confined and would not be allowed on the street unescorted, such as Blue Walters or LCIW Substance Abuse Facility. Most treatment facilities and halfway houses would not fall into this category. Refer to the P&P Resource Directory under "Custodial Treatment Facility" for a list of approved custodial treatment programs.

JURISDICTION OF THE COURT .  With reference to probation cases, "jurisdiction of the court" constitutes all parishes within the Judicial District in which the offender is being supervised. With reference to parole cases, "jurisdiction of the court", constitutes the State of Louisiana.

PROGRAM COORDINATOR .  The Program Coordinator at Headquarters will be responsible for monitoring the provisions of this policy.

SEX OFFENSE .  A conviction, deferred adjudication, adjudication of guilt withheld, for the perpetration or attempted perpetration of, or conspiracy to commit an offense as defined under Louisiana Revised Statute 15:541 committed on or after June 18, 1992, or committed prior to June 18, 1992, if the person, as a result of the offense, is under the custody of the Department of Public Safety and Corrections on or after June 18, 1992. A conviction for any offense provided in this definition includes a conviction for the offense under the laws of another state or federal law which is equivalent to an offense provided for in this Chapter.

TECHNICAL VIOLATIONS .  All violations of the conditions of probation and parole except those resulting in a new arrest, charge, or conviction of a felony; a probation violation of any provision of Title 40 of the Louisiana Revised Statutes of 1950 except misdemeanor possession of marijuana or  tetrahydrocannabinol, or chemical derivatives thereof, as provided in R.S.14 40:966(E)(1)); any intentional misdemeanor directly affecting the person; at the discretion of the Court/Parole Board, any attempt to commit any intentional misdemeanor directly affecting the person; at the discretion of the Court/Parole Board, any attempt to commit any other misdemeanor ; being in possession of a firearm or other prohibited weapon; failing to appear at any court hearing; absconding from the jurisdiction of the Court or Parole Board; failing to satisfactorily complete a drug court program if ordered to do so as a special condition of probation; and at the discretion of the Court, probationers who fail to report to Probation and Parole for more than one hundred twenty (120) consecutive days.

6.    **POLICY:**

1.  Ensure eligibility for sentencing under the provisions of Louisiana Revised Statutes for 1st Technical Violator for probationers; and  Technical Violator for parolees.

2.  To liaison with the Courts, Parole Board, and the Office of Adult Services in implementing the provisions of the Louisiana Revised Statutes for Technical Violators.

3.  To address the rehabilitation needs of selected probation and parole technical violators with intensive substance abuse treatment, anger management, and other appropriate educational and rehabilitative programs.

**7.    PROCEDURES:**

A.  ELIGIBILITY .  Technical violations include any violation of the conditions of probation or parole supervision except:

(1) Those violators arrested, charged or convicted of a felony.
- Any intentional misdemeanor directly affecting the person.
- At the discretion of the court/Parole Board, any attempt to commit any intentional misdemeanor directly affecting the person.
- At the discretion of the court/Parole Board, any attempt to commit any other misdemeanor.
- Being in possession of a firearm or other prohibited weapon.
- Absconding from the jurisdiction of the court/Parole Board.

The following exceptions apply to probationers only:
- Failing to appear at any court hearing.
- A violation of any provision of Title 40 of the Louisiana Revised Statutes of 1950 except misdemeanor possession of marijuana or tetrahydrocannabinol(synthetic marijuana), or chemical derivatives thereof, as provided in R.S.14 40:966(E)(1)).
- Failing to satisfactorily complete a drug court program if ordered to do so as a special condition of probation.
- At the discretion of the Court, probationers who fail to report to Probation and Parole for more than one hundred twenty (120) consecutive days.

(2) The revocation is for a sentence imposed for a crime of violence as defined and enumerated in Louisiana Revised Statute 14:2(B) or Vehicular Homicide convicted on or after March 19, 2013.

(3) The revocation is for a sentence imposed for a sex offense as defined and enumerated in Louisiana Revised Statute 15:541 or who has the duty to comply with registration and notification requirements as set by the Louisiana Revised Statutes, or still required to comply with sex offender registration and notification requirements based on a prior sex offense conviction.

(4) The offender's current probation supervision was previously  revoked under the provisions of Act 402 of the 2007 Regular Session.

Parole cases are not limited in the number of technical revocations per supervision period and each technical revocation can be up to 90 days.

The Supervising Officer will screen each probation or parole violator to determine the offender's eligibility for sentencing under the provision of Louisiana revised Statutes, and when appropriate, participation in a custodial treatment programs.

In a probation case, an ACT 402: First Technical Violator Checklist will be completed by the Supervising Officer, reviewed by the Supervisor, and provided to the Court prior to or at the revocation hearing.  The Supervising Officer will recommend revocation of probation under the provision of this bill with a 90 day maximum sentence only in instances when a recommendation of normal revocation would be appropriate. While the statute allows up to 90 days, the court can order less than 90 days. The term of the revocation for a technical violation shall begin on the date the court orders the revocation. In all cases, the subject will only receive credit for time served on the current technical violation.

In a parole case, Act 299:  Technical Violator Checklist  will be completed by the Supervising Officer, reviewed by the Supervisor, and provided to the Parole Board. While the statute allows up to 90 days, the Parole Board can order less than 90 days. The term of the revocation for the technical violation shall begin on the date the offender signed the waiver or has revocation hearing, unless otherwise specified by the Parole Board.

Individuals sentenced under the Act 402 of the 2007 Regular Session or Act 299 of the 2015 Regular Session provisions will not receive good time while serving the term of incarceration. If revoked at a later date, for their full sentence, the individual will receive credit for the previously served period of incarceration.

If the Parolee does not sign the waiver, they will be returned to the Parole Board for a hearing.

Under no circumstances is a parole/good time case to be detained past their full term date.

B. As these are "revocations", Department of Corrections will pay for the period of incarceration. They will appear on the Sheriff's Billing invoice. Some districts who have problems with overcrowding may be able to work with neighboring parishes to house the violators since they will be paid.

C. Offenders may participate in custodial treatment programs at designated facilities while serving time for a technical violation. The custodial treatment programs are identified and details noted in the Probation and Parole Resource Directory. For guidance in recommending the Don Francois Alternative Center, refer to policy PRO817.

The parole offender must be willing to volunteer to participate in the program and waive his revocation hearing before the Parole Board. In addition to the ACT 402 checklist, the officer shall submit the Act402/Act 299 Release Letter with the violation report to Headquarters for processing.

Unless the Court handles notification to the treatment program, the officer will fax the Court Order and the Act 402/Act 299 Release Letter to the facility housing the custodial treatment program. Orders to Don Francois Alternative Center and/or Steve Hoyle Substance Abuse Program will be processed through Headquarters.

Offenders may be eligible for both Technical Violation and custodial treatment program in the same period of supervision.

The custodial treatment programs have programming such as substance abuse available, whereas the 90 days for technical violations is strictly "jail therapy".

D.  Each district shall develop policy to ensure these offenders are released timely, and work with local jails to facilitate the easiest and best way to do this. Upon revocation, our detainer holding the subject will be released. In all likelihood, there will be no "release" order done by the court or the Parole Board. Each district will determine the best way to handle for each parish(es). Forms are located in case management, such as an authority to release, that will facilitate the process.

E.  When considering eligibility for ACT 402 or Act 299, the supervising officer should take into account any medical or mental health problems that may cause the offender to be moved to a DOC facility.  If such problems exist, the supervising officer should discuss the potential problems with his/her supervisor and contact Headquarters for further instructions. While such cases would still be eligible, we should look at recommending less than 90 days in order to prevent potential release problems from DOC.

07/31/2015