UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BRIAN McNEAL** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO.: 3:18-cv-00736-JWD-EWD** |
| | * | |
| **LOUISIANA DEPARTMENT OF** | * | **JUDGE JOHN W. deGRAVELLES** |
| **PUBLIC SAFETY &** | * | |
| **CORRECTIONS, ET AL.** | * | **MAGISTRATE JUDGE** |
| | * | **ERIN WILDER-DOOMES** |

*************************************************************************

### STATEMENT OF UNDISPUTED FACTS

NOW INTO COURT, through undersigned counsel, comes Defendants, Department of Public Safety and Corrections, James LeBlanc, and Breunkia Collins, who file this Statement of Undisputed Facts.[1]

1. For sixteen years and across three administrations, Secretary James LeBlanc has served as the Secretary of the Louisiana Department of Public Safety & Corrections (DPSC). During his tenure, Secretary LeBlanc has prioritized reducing recidivism through valuable, real-world vocational, educational, and life skills training for offenders.[2]

2. Secretary LeBlanc commissioned a 2012 study to examine and measure DPSC workflow and effectiveness.[3]

3. The study identified and offered improvements for backlogs in sentence-calculation processes including re-organization measures within DPSC's Pre-Class Department, which handles time computations and releases for offenders sentenced to DPSC custody.[4]

---

[1] Secretary LeBlanc submitted and near identical set of Statement of Undisputed Material Facts alongside his memorandum in opposition to McNeal's Motion for Partial Summary Judgment. Doc. 136-1. In reply, McNeal did not dispute any of the facts, so Defendants assume they are deemed admitted and, thus, undisputed for purposes of summary judgment. *See* L.R. 56(f) (M.D. La.).
[2] https://lacorrectional.org/sec-leblanc-bio.
[3] Exhibit 1, LSS Study.
[4] Exhibit 1, LSS Study.

4. In response to the study, Secretary LeBlanc implemented every recommended measure, including centralization of the DPSC pre-classification sections to headquarters, working with local facilities and the Louisiana Supreme Court to streamline communications, spending millions to create a new computer system to replace CAJUN, implementing a digital filing system, and standardizing pre-classification and time-computation procedures.[5]

5. Secretary LeBlanc also chaired the 2016 Louisiana Justice Reinvestment Task Force to conduct an in-depth study of Louisiana's criminal justice system at large.[6] His chairship led to a ten-bill legislative package—the largest criminal justice reform in the State's history—which in turn led to an additional 34% reduction in Louisiana's prison population.[7]

6. In 2017, worked with the Louisiana Supreme Court to update Louisiana's Uniform Commitment Order to pass legislation "to improve communication between the sentencing judge and DPS&C."[8]

7. Louisiana's Act 420 is one tool for the Louisiana judiciary and DPSC to reduce the number of offenders incarcerated in its prisons.[9] The Act permits, as relevant here, state criminal courts to sanction certain first-time probation violators with only 90-days in prison. La. Code Crim. Proc. art. 900. A 2013 amendment built on Act 420 to allow criminal courts to

---

[5] Exhibit 2, Deposition of LeBlanc, pg. 53-54.
[6] *See* Exhibit 13, Louisiana Justice Reinvestment Task Force Report and Recommendations (Mar. 16, 2017), https://gov.louisiana.gov/assets/docs/Issues/Criminal-Justice/Justice-Reinvestment-Task-Force-Report_2017.pdf.
[7] *See* Criminal Justice, 2017 La. Sess. Law Serv. Act 280 (S.B. 139).
[8] Exhibit 2, Deposition of LeBlanc, pg. 77.
[9] *See* Probation and Parole, 2007 La. Sess. Law Serv. Act 402 (H.B. 423) (codified at La. Code Crim. Proc. art. 900(A)(5)–(7) & LA Rev. Stat. §§ 15:574.9(B), (G)).

2

place those probation violators at a substance abuse treatment facility.[10] With authority from that legislation, Secretary LeBlanc opened, at the Bossier Parish Correctional Center, the Steven Hoyle Intensive Substance Abuse Treatment Program—a nationally recognized, award winning in-patient treatment center housing 600 offenders with substance abuse issues.[11]

8. The probation and Parole Department handles Act 402 revocations, including release procedures. The Probation and Parole Department is wholly separate from DPSC's Pre-Class Department. DPSC's Pre-Class Department does not perform time computations or handle Act 402 revocation releases.

9. Probation and Parole Policy No. PRO189 governs Act 402 revocations.

10. In 2015, Brian McNeal pleaded guilty to possessing cocaine and drug paraphernalia.[12] He received a five-year suspended sentence with supervised probation, mental health court observations, and other court-ordered conditions.[13] In August 2017, the Court revoked McNeal's probation and, consistent with Louisiana law, sanctioned him to 90 days of treatment at Hoyle.[14]

---

[10] *See* Sentencing of Certain Offenders Convicted of Certain Violations of the Uniform Controlled Dangerous Substances Law, 2013 La. Sess. Law Serv. Act 389 (H.B. 442) (codified at La. Code Crim. Proc. arts. 903, 903.1, 903.2, 903.3).
[11] www.legis.la.gov/legis/ViewDocument.aspx?d=972850
[12] Exhibit 4, Orleans Parish Criminal District Court, Case No. 524699, Docket.
[13] Exhibit 4, Orleans Parish Criminal District Court, Case No. 524699, Docket; *see* La. Code Crim. Proc. art. 894(A)(6) (2015).
[14] Exhibit 3, Ellis deposition (Because Plaintiff was not sentenced to hard labor, and he was still under the authority of the Mental Health Court and Probation and Parole, there was no time calculation); Ex. 4, (docket 08/03/2017); *see* La. Code Crim. Proc. arts. 899, 900; *see* La. Code Crim. Proc. art. 900(A)(2)(v) (capping custodial substance abuse treatment order "not more than ninety days"); *see also* La. Code Crim. Proc. art. 903.2 (2013) (court may "modify the conditions of probation, including ordering the defendant to participate in a drug division probation program.")

11. Like all Louisiana inmates with health and addiction issues, McNeal was assigned initially to the Hunt for intake and screening.[15] At that time, Probation and Parole officers prepared a letter as "authority to release the offender [McNeal] on 11/01/2017."[16] Defendant Breunkia Collins mailed the letter to Hoyle.[17]

12. After a screening, Hoyle could not accept McNeal for health reasons, so he remained at Hunt.[18] The state court ordered a hearing to revise his sanction.[19] There, the court adopted the Mental Health Court Manager's recommendation for "long-term treatment at Odyssey House" "after his 90 days."[20] Both the court minutes and the transcript are unclear as to whether McNeal should stay in custody until his next court date before transferring transfer into Odyssey house.[21]

13. On December 11, McNeal's attorney called Hunt about his ongoing detention beyond the original 90 days.[22] *In less than one hour*, DPSC officials discovered McNeal "was thought to be at a different facility" (Hoyle) and obtained a copy of his release authorization letter.[23]

14. Less than 24 hours later, McNeal was released from Hunt on December 12—41 days after November 1, 2017—with instructions to report to the Office of Probation and Parole for placement in long-term substance abuse treatment.[24]

---

[15] Exhibit 3, Deposition of Ellis, p. 20.
[16] Exhibit 5, Deposition of Collins, pg. 24-25; Ex. 6, Release Letter.
[17] Exhibit 7, Collins emails.
[18] *Id*.
[19] *See* Exhibit 4, Docket 09/20/2017.
[20] *See* Exhibit 8, Transcript (09-20-2017) pg. 5:3–7.
[21] Exhibit 18, Affidavit of Jennifer Bush.
[22] Exhibit 9, 12/11/2017 Milligan Email.
[23] Exhibit 10, 12/11/2017 Bush Email.
[24] Exhibit 8, Transcript (9/20/2017).

15. McNeal's probation continued for another year until he graduated from Mental Health Court in November 2018 and had the remainder of his sentence extinguished.[25]

16. In 2017, DPSC had training in place for its Pre-Class Department concerning time computation and releases of offenders sentenced to DPSC custody.[26] The Pre-Class Department and the training on time computation is not relevant to McNeal's claim because he was an Act 402 revocation, which is handled by the separate Probation and Parole Department.

17. Secretary LeBlanc was not aware of the data in the 2019 grant application until he read it in 2019.[27]

Respectfully submitted,

**LIZ MURRILL**
**Attorney General**

By:   s/Andrew Blanchfield
Andrew Blanchfield, T.A. (#16812)
Email: ablanchfield@keoghcox.com
Collin J. LeBlanc (#24519)
Email: cleblanc@keoghcox.com
Christopher K. Jones (#28101)
Email: cjones@keoghcox.com
C. Reynolds LeBlanc (#33937)
Email: rleblanc@keoghcox.com
Catherine S. Giering (#26495)
Email: cgiering@keoghcox.com
Chelsea A. Payne (#35952)
Email: cpayne@keoghcox.com
Special Assistant Attorneys General
701 Main Street (70802)
Post Office Box 1151
Baton Rouge, Louisiana 70821
Telephone: (225) 383-3796
Facsimile: (225) 343-9612

---

[25] Exhibit 4, Docket 11/16/2018.
[26] Exhibit 12, DPSC response to 2017 Legislative Audit.
[27] Exhibit 2, Deposition of LeBlanc, pg. 59.

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court by utilizing the CM/ECF system, and a copy of the above and foregoing was this day forwarded by the Court's ECF Delivery System to all counsel of record.

Baton Rouge, Louisiana, this 18th day of July, 2024.

                                           s/ Andrew Blanchfield
                                           Andrew Blanchfield