# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

**BRIAN MCNEAL**                                                       **CIVIL ACTION**

**VERSUS**

**NO. 18-736-JWD-EWD**

**LOUISIANA DEPARTMENT
OF PUBLIC SAFETY AND
CORRECTIONS, ET AL.**

## VIDEO SETTLEMENT CONFERENCE ORDER

A Settlement conference has been set for **February 10, 2025 at 1:30 p.m.** by video conference. The parties may request an in-person settlement conference by motion, which must contain an explanation as to why the parties believe an in-person conference is necessary.

### A. LOGISTICAL REQUIREMENTS

The settlement conference will be limited to **two (2) hours**. All parties must have access to a microphone, camera and internet connection to participate in the conference, although a participant can log into the system from a smartphone after downloading the app. Participant instructions are attached.

The settlement conference will begin with a brief statement by Judge Wilder-Doomes.[1] Thereafter, the parties will be separated into breakout rooms, and Judge Wilder-Doomes will facilitate the negotiations between the parties.

The following is provided to ensure that the necessary parties are available for the conference, to assist the Court in an objective appraisal and evaluation of the lawsuit, and to facilitate settlement of this matter in the most efficient manner.

---

[1] Judge Wilder-Doomes does not generally permit opening statements by the parties during the joint session.

B.  **PERSONS ATTENDING THE CONFERENCE**

In addition to counsel who will try the case,[2] a person with full settlement authority must be present for each party during the conference. This requirement contemplates the presence of your client or, if a corporate entity, an authorized representative of your client, who has **full and final** settlement authority. The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior. Any other persons deemed necessary to negotiate a settlement may also attend. Since the settlement conference will be conducted by video, there should not be any reason this requirement cannot be fulfilled, however, **any person seeking relief from this requirement must fax a letter to Judge Wilder-Doomes at least two (2) days prior to the settlement conference after conferring with counsel for all other parties to determine whether there is any objection**. Any request for relief must state the reasons relief is requested. Relief will be granted only for extraordinary circumstances. Counsel of record will be responsible for timely advising any involved non-party (*i.e.*, insurance company), of the requirements of this Order.

C.  **CONFIDENTIAL STATEMENTS**

The parties shall submit confidential settlement position papers by **noon 7 days prior to the conference**[3] to the judge's chambers via facsimile transmission to (225) 389-3585. The statement shall not exceed five pages and **must contain the following**:

(a)  Persons Participating: The name and title, if applicable, of the client or authorized representative who will be attending the conference with trial counsel.

(b)  Statement of your Case: The position paper should set forth a brief statement of your claim or defense. It should also contain a statement of the liability issues present,

---

[2] This requires the attorney who is designated as the lead attorney, pursuant to Local Civil Rule 11(b) to attend the conference unless permission is obtained from the Court for other counsel to attend.

[3] If the settlement conference is scheduled less than 7 days from the date of this Order, the position papers must be submitted as soon as possible. If Judge Wilder-Doomes does not receive position papers timely, the settlement conference may be canceled.

including a description of the strongest and weakest points of your case, both legal and factual.

(c) <u>Quantum</u>: A brief statement of your position on quantum, including any injuries sustained. When applicable, describe any surgeries, current medical status, and any other relevant legal or factual issues.

(d) <u>Summary of settlement negotiations to date</u>. A listing of demands and counteroffers.

A concluding section should contain suggestions for a satisfactory resolution of the claim. Please do not be bound by monetary solutions, but rather consider all possible alternatives to reaching a satisfactory resolution. Also, please keep in mind that these submissions are confidential, will not be exchanged, are not binding, and that posturing is inappropriate and only serves to handicap the process. Judge Wilder-Doomes serves as a neutral facilitator in this process. Overstating the strength of your arguments serves no purpose.

## D. ATTACHMENTS

Copies of the following documents <u>may</u> be attached to the confidential settlement position paper if they exist and counsel believe they are relevant:

(a) <u>Major</u> relevant medical reports concerning plaintiff's medical condition (if applicable);

(b) Economic loss reports;

(c) Non-medical expert reports; or

(d) Any other documents which counsel believe may be of benefit to the Court in evaluating the case.

## E. EXCHANGE OF SETTLEMENT OFFERS

Settlement conferences are often unproductive unless the parties have exchanged demands and offers before the conference and made a serious effort to settle the case on their own. **Before the settlement conference the parties are to negotiate and make a good faith effort to settle the case without the involvement of the Court. A specific settlement offer, in writing, must be submitted**

**by the plaintiff to the defendant at least 21 days prior to the settlement conference, with a brief explanation of the basis for the demand. If unacceptable to the defendant, a specific counteroffer, in writing, must be submitted by the defendant to the plaintiff at least 14 days prior to the settlement conference, with a brief explanation of the basis for the counteroffer.[4]**

The parties shall include a list of the demands and counteroffers in their position papers. If the case settles prior to the conference, the parties shall immediately notify Judge Wilder-Doomes' chambers.

**F.     CONFIDENTIALITY**

The contents of the statements and all communications made in connection with the settlement conference are confidential and will not be disclosed to non-parties without the express permission of the communicating party or order of a court of competent jurisdiction.[5] The statements and any other documents submitted for the settlement conference will be maintained in chambers and will be destroyed after the conference.

**Failure to timely comply with all requirements of this Order may result in cancellation of the settlement conference and/or sanctions at the Court's discretion.**

Signed in Baton Rouge, Louisiana, on December 17, 2024.

*(signature)*
**ERIN WILDER-DOOMES
UNITED STATES MAGISTRATE JUDGE**

---

[4] If the settlement conference is scheduled to occur in less than 21 days, the parties shall still exchange a demand and response prior to the conference.

[5] As Judge Wilder-Doomes will explain in the opening session, communications during the conference are not confidential as between the parties unless a party specifically requests confidentiality regarding the communication.